UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Leroy Campbell, # **198488** | ) C/A No.  4:11-1350-HFF-TER |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Report and Recommendation |
|  | ) |
| State of South Carolina; | ) |
| South Carolina Dept. Of Corrections, | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

The petitioner, Michael Leroy Campbell ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1]  Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Petitioner herein complains that he is being held on an expired sentence.  However, Petitioner reports that this issue is the subject of pending litigation in state court.  This petition is therefore subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case.  The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Petitioner was convicted and sentenced June 17, 2008 in Spartanburg County following a guilty plea. Petition, ECF No. 1 at 1. He was sentenced on June 17, 2008 to five years, with 16 months credit for time served, when convicted of a lesser included offense of a first-offense crack trafficking charge. Petition, ECF No. 1 at 4. Petitioner herein complains he is being held beyond his sentence expiration, and that "the charge [he is] currently incarcerated for was dismissed in court." *Id.* Petitioner alleges that he was told by prison officials that his sentence had expired November 17, 2009, and that he is now being held on a sentence for a conviction for possession of a weapon during a violent crime. It is Petitioner's position that the weapon charge was dropped as part of the plea deal, but made it into his record as part of a paperwork blunder.

A petitioner must exhaust his state court remedies before filing a petition for habeas corpus relief pursuant to § 2254. 28 U.S.C. § 2254(b)(1)(A). Petitioner did not make a direct appeal

following his conviction. He filed an application for post-conviction relief (PCR) concerning this matter "August or September of 2010," but reports there is "No outcome as of to date." Petition, ECF No. 1 at 3. Since his PCR is still pending, it appears that he has failed to exhaust his state remedies prior to filing the instant petition.

Additionally, absent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner* at 1336.

## Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996. **Petitioner's attention is directed to the notice on the following page.**

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

July 11, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).